IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID STEVENSON | : | Civil Action |
| | : | (capital habeas corpus) |
| Petitioner, | : | Case No. 1:07-cv-00473-GMS |
| v. | : | **DEATH PENALTY CASE** |
| CARL C. DANBERG, | : | Chief Judge Gregory M. Sleet |
| Commissioner, | : | |
| Delaware Department of Corrections | : | |
| Respondent. | : | |

**PETITIONER'S MOTION TO STAY THE FEDERAL PROCEEDINGS TO PERMIT PETITIONER TO EXHAUST CLAIMS IN STATE COURT**
_____

Petitioner, DAVID STEVENSON, through undersigned counsel, hereby moves to hold these federal proceedings in abeyance. The *Petition for Writ of Habeas Corpus by a Prisoner in State Custody* contains claims that have not been exhausted in state court. As exhaustion is not futile, Petitioner requests that this Court issue an order staying the federal proceedings so that Petitioner can exhaust state remedies. In support of this motion, Petitioner states the following.

1. This is a capital habeas corpus proceeding brought by a Delaware state prisoner.

2. Following his conviction for first degree murder and related charges, Petitioner was sentenced to death on January 10, 1997, in the Superior Court for New Castle County, Delaware. Petitioner's convictions and sentence were affirmed on appeal. Stevenson v. State, 709 A.2d 619 (Del. 1998). The United States Supreme Court denied certiorari. Stevenson v. Delaware, 525 U.S. 967 (1998).

3. On December 14, 1998, Petitioner filed a motion to recuse the trial court, which

the court denied on January 8, 1999. State v. Stevenson, 1999 Del. Super. Lexis 118.

4. On February 8, 1999, Petitioner filed a motion for post conviction relief pursuant to Rule 61 of the Delaware Superior Court Rules of Criminal Procedure, which was denied by the court on December 21, 1999. State v. Stevenson, 1999 Del. Super. Lexis 618.

5. On May 30, 2001, the Delaware Supreme Court reversed the Superior Court's denial of post conviction relief, ordered a new penalty hearing, and directed that the guilt phase claims raised in post conviction be considered by a newly assigned judge. Stevenson v. State, Manley v. State, 782 A.2d 249 (Del. 2001).

6. On October 2, 2003, after considering amendments and holding an evidentiary hearing, the Superior Court denied all remaining claims in a memorandum opinion. State v. Manley, State v. Stevenson, Del. Super., Nos. IN95-11-1047-1049, IN95-12-0687-0689, Herlihy, J. (October 2, 2003), Appendix. This decision was affirmed on appeal on October 18, 2004. Stevenson v. State, 2004 Del. Lexis 168.

7. After a second penalty phase, by a vote of ten to two, the jury recommended a sentence of death on December 6, 2005. The court sentenced Petitioner to death on February 3, 2006. The Delaware Supreme Court affirmed the sentence on January 3, 2007. Stevenson v. State, 918 A.2d 321 (Del. 2007). The U.S. Supreme Court denied certiorari. Stevenson v. Delaware, 127 S. Ct. 2881 (2007).

8. On August 14, 2007, after considering a petition filed with this Court, the Court appointed undersigned counsel and granted *in forma pauperis* status.

9. On February 15, 2008, through undersigned counsel, Petitioner filed a Petition for Writ of Habeas Corpus in this court.

10. During the course of investigating, researching and drafting the *Petition*, it has become apparent to counsel that there are a number of compelling claims for relief that have not

yet been exhausted in the state courts. State remedies are available for the unexhausted claims under Delaware Superior Court Criminal Rule 61.

11. Since state remedies are available, Petitioner must return to state court in order to exhaust. See 28 U.S.C. §2254(b)(1)(A), (b)(3). Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (federal courts should not "discourage petitioners from exhausting all their claims in state court"). Accord Lambert v. Blackwell, 134 F.3d 506, 517-19 (3d Cir. 1998); Doctor v. Walters, 96 F.3d 576, 681, 683 (3d Cir. 1996); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

12. This Court should stay these proceedings pending exhaustion. That is the course of action approved by the Third Circuit in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).[1] In light of the unique procedural posture of this case (i.e. trial, conviction, sentencing, appeal, resentencing), as well as the likelihood that any state court proceedings will continue well beyond the statute of limitations deadline, a stay of the proceedings is the appropriate action. See Crews v. Horn, 360 F.3d 146, 149-51 (3d Cir. 2004) (where outright dismissal "could jeopardize the timeliness of a collateral attack," it is an abuse of discretion not to offer opportunity to stay, rather than dismiss, the petition.)

13. Pursuant to D. Del. LR 7.1.1, Petitioner's counsel have contacted counsel for Respondents, Loren Meyers, Esq. to seek agreement in this *Motion*. As of the time of filing, counsel has not yet heard back from Respondents on this request. Pursuant to D. Del. LR

---

[1] See, e.g., Manley v. Danberg, 1:07-cv-00472 (D. Del.) (Judge Sleet) (Order 02/11/08) (Order staying proceedings to permit Petitioner to exhaust claims in state court); Sepulveda v. Beard, 3:06-cv-731 (M.D. Pa.) (Judge Vanaskie) (Order 12/06/06); Watkins v. Beard, 05-cv-0158 (W.D. Pa.) (Judge Cercone) (Order 08/24/05); Champney v. Beard, 3:04-cv-2295 (M.D. Pa.) (Judge Munley) (Order 05/13/05); Tharp v. Beard, 04-cv-1284 (W.D. Pa.) (Judge McVerry) (Order 04/14/05); Bomar v. Beard, 04-cv-1730 (E.D. Pa.) (Judge Sanchez) (Order 10/13/04); Drumheller v. Beard, 1:03-cv-1683 (M.D. Pa.) (Judge Conner) (Order 05/19/04); Weiss v. Beard, 02-cv-1566 (W.D. Pa.) (Judge Lancaster) (Order 03/27/03); Small v. Beard, 3:01-cv-0210 (M.D. Pa.) (Judge Vanaskie) (Order 09/13/01); Koehler v. Horn, 3:00-cv-1932 (M.D. Pa.) (Judge Caputo) (Order 08/24/01).

16.4(b), counsel hereby certifies that a copy of this *Motion* has been sent to Petitioner.

    WHEREFORE, Petitioner respectfully requests that this Court grant Petitioner's *Motion to Stay these Federal Proceedings so that Petitioner Can Forthwith Exhaust Claims in State Court*. A proposed order is attached.

                                       Respectfully submitted,

                                       /s/ Maria Pulzetti
                                       Maria Pulzetti
                                       Pa Bar No.203792
                                       Michael Wiseman
                                       Shawn Nolan
                                       Rebecca Blaskey
                                       Community Federal Defender Office for the
                                       Eastern District of Pennsylvania
                                       601 Walnut Street, Suite 545 West
                                       Philadelphia, Pennsylvania 19106
                                       (215) 928-0520

Dated:        June 3, 2008
               Philadelphia, PA

## CERTIFICATE OF SERVICE

      I, Maria Pulzetti, do hereby certify that on this date I served a copy of the foregoing by placing a copy in the United States mail, first class, in Philadelphia, Pennsylvania, addressed to the following:

      Loren Meyers, Esq.
      Deputy Attorney General
      820 North French St., 7th Floor
      Wilmington, DE 19801

      Respectfully submitted,

/s/ Maria Pulzetti
Maria Pulzetti
Pa Bar No.203792
Community Federal Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, Pennsylvania 19106
(215) 928-0520
Attorney for David Stevenson

Dated:      June 3, 2008
               Philadelphia, PA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| _____ | : | Civil Action |
| DAVID STEVENSON | : | (capital habeas corpus) |
| | : | |
| Petitioner, | : | Case No. 1:07-cv-00473-GMS |
| | : | |
| v. | : | **DEATH PENALTY CASE** |
| | : | |
| CARL C. DANBERG, | : | Chief Judge Gregory M. Sleet |
| Commissioner, | | |
| Delaware Department of Corrections | : | |
| Respondent. | : | |
| _____ | | |

**ORDER**
_____

And now, this ___ day of June, 2008, upon consideration of Petitioner David Stevenson's *Motion to Stay the Federal Proceedings to Permit Petitioner's Counsel to Forthwith Exhaust Claims in State Court*, it is hereby ORDERED:

1. Petitioner's Motion is GRANTED;

2. Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody is STAYED pending exhaustion of state remedies of his unexhausted claims;

3. Counsel are ordered to forthwith exhaust all claims in the state courts and notify the Court within thirty days of the final disposition of the state court litigation.

_____

Gregory Sleet, USDJ