IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DAVID STEVENSON**, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 07-473-GMS |
| **CARL C. DANBERG**, Commissioner, Warden, and **THOMAS C. CARROLL**, Warden, | : |
| Respondents | : |

### ANSWER TO MOTION TO STAY FEDERAL PROCEEDINGS

Respondents submit the following in opposition to petitioner's request to hold these federal proceedings in abeyance:

1. In December 1995, a grand jury indicted David Stevenson and Michael R. Manley on charges of first degree murder and five related offenses. After a two-week trial, a Superior Court jury in November 1996 convicted the two men on all counts of the indictment. Following a penalty hearing, both Stevenson and Manley were sentenced to death for the murder. On Stevenson's appeal, the conviction and sentence were affirmed, and the United States Supreme Court denied Stevenson's petition for a writ of certiorari. *Stevenson v. State*, 709 A.2d 619 (Del.), *cert. denied*, 525 U.S. 967 (1998).

2. Stevenson, represented by counsel, moved for postconviction relief in February 1999. Superior Court directed prosecutors to respond to the motion and ordered Stevenson's trial attorneys to answer the allegations of ineffective assistance of counsel made by Stevenson. After further briefing by the parties, Superior Court denied Stevenson's motion in December 1999. *State v. Stevenson*, 1999 WL 1568333 (Del. Super. Ct.). On appeal, Stevenson's death sentence

was reversed and the December 1999 postconviction decision was vacated. *Stevenson v. State*, 782 A.2d 249 (Del. 2001). Stevenson filed a new motion for postconviction relief in September 2001, and an evidentiary hearing was conducted in January 2002. After additional briefing by the parties, Superior Court denied Stevenson's second postconviction motion in October 2003. *State v. Manley*, 2003 WL 23511875 (Del. Super. Ct.). That decision was affirmed on appeal. *Stevenson v. State*, 2004 WL 771657 (Del.). Following a new December 2005 penalty hearing, Superior Court again sentenced Stevenson to death. On appeal, the Delaware Supreme Court affirmed Stevenson's sentence, and the United States Supreme Court denied his petition for a writ of certiorari. *Manley v. State*, 918 A.2d 321 (Del.), *cert. denied*, __ U.S. __, 127 S.Ct. 2881 (2007).

3. With new appointed counsel, Stevenson again moved for postconviction relief in Superior Court in November 2007, raising two claims for relief while requesting permission to amend the state postconviction application at a later time. In February 2008, Stevenson filed a petition for a writ of habeas corpus in this Court, raising twenty-two claims for relief. To date, no action has been taken by either Superior Court or this Court to address either filing. Now, Stevenson has moved to stay the federal proceedings in order to exhaust his claims in state court. This is the State's response in opposition to Stevenson's motion to stay the proceedings.

4. In the first instance, Stevenson's claims related to the 1996 guilt phase are untimely and procedurally defaulted. In addition, although Stevenson filed his petition for a writ of habeas corpus in February 2008, he has filed no papers in that state action since November 2007 and thus made no attempt to exhaust any of these claims in the state courts. That being the case, Stevenson can hardly assert that he has diligently pursued his claims in state court. Consequently, Stevenson is not entitled to the stay and abey procedure described in *Rhines v.*

*Weber*, 544 U.S. 269 (2005). Although this Court has discretion to stay the habeas proceedings to allow for exhaustion, the stay and abey procedure is appropriate only in cases where, *inter alia*, the petitioner has established good cause for failing to satisfy the exhaustion requirement. *See Rhines*, 544 U.S. at 277. A stay is warranted only if the Court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id*. at 277. *Accord Webster v. Kearney*, 2006 WL 572711, *5 (D. Del.); *Grundy v. Pennsylvania*, 248 Fed. Appx. 448, 451 (3d Cir. 2007). The *Rhines* Court noted that stay and abeyance has the potential to "frustrate[] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court *prior* to filing his federal petition." 544 U.S. at 277 (emphasis added). Stevenson has had ample time to amend his state postconviction motion to add the twenty-two claims included in his habeas petition. Stevenson has failed to offer any explanation for his failure to do so, and thus respondents oppose the untimely motion designed to prolong the litigation.[1] Because the petitioner cannot show that he has diligently pursued his claims in the state courts, he cannot now complain that he has failed to exhaust the claims he failed to present. *E.g., Hoffman v. Carroll*, 2007 WL 1723652, *4 (D. Del.).

     5.     Moreover, respondents respectfully request that the Court require the petitioner to complete and sign the AEDPA election form. The petitioner should not be permitted to prolong these proceedings. At some point in time, the State's interest in finality must be recognized.

---

[1] Notably, Petitioner has not even designated which claims he believes are unexhausted or why he failed to exhaust them.

WHEREFORE, Respondents respectfully request that the Court, after considering the *Rhines* criteria for implementation of a stay and abeyance, deny Petitioner's *Motion to Stay*.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: June 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I electronically filed Respondents' Answer to Motion to stay Federal Proceedings with the Clerk of Court using CM/ECF which will send notification of such filing to:

Michael Wiseman, Esq.
Community Federal Defender Office for the
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us