# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID STEVENSON, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 07-473-JLH |
| | : |
| ROBERT MAY, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents.[1] | : |

Sonali Shahi, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania. Attorney for Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

## MEMORANDUM OPINION

May 14, 2024
Wilmington, Delaware

---

[1] The Court has substituted Warden Robert May for former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

Hall, District Judge:

This case was reassigned to me on January 9, 2024. At the time of reassignment, there was one pending Motion for Leave to Amend or Supplement the Petition for Writ of Habeas Corpus filed by Petitioner David Stevenson ("Motion for Leave to Amend"). (D.I. 44.) For the reasons set forth below, the Court will deny the Motion for Leave to Amend.

## I. BACKGROUND

In November 1996, a Delaware Superior Court jury convicted Petitioner and his co-defendant Michael R. Manley of first-degree murder. *See Stevenson v. State*, 709 A.2d 619, 627-28 (Del. 1998). On January 10, 1997, the Delaware Superior Court sentenced Petitioner and Manley to death, and the Delaware Supreme Court affirmed both convictions and sentences in separate direct appeals. *See State v. Manley*, 1997 WL 27094, at *15 (Del. Super. Ct. Jan. 10, 1997); *Stevenson*, 709 A.2d at 641; *Manley v. State*, 709 A.2d 643, 661 (Del. 1998). In May 2001, in a consolidated decision following the denial of Petitioner's and Manley's independent Rule 61 motions for postconviction relief, the Delaware Supreme Court reversed the denial of the Rule 61 motions and held that Petitioner and Manley were entitled to a new penalty hearing on the ground that the trial judge should have recused himself. *See Stevenson v. State*, 782 A.2d 249 (Del. 2001). The Delaware Supreme Court also determined that Petitioner and Manley were entitled to present their Rule 61 motions for postconviction relief to another judge. *See id.* at 269.

Petitioner's case was reassigned to another Superior Court judge in July 2001, and Petitioner filed an amended Rule 61 motion in September 2001. (D.I. 36 at 3.) The Superior Court denied Petitioner's amended Rule 61 motion in October 2003, and the Delaware Supreme Court affirmed that decision in April 2004. *See State v. Manley*, 2003 WL 23511875, at *13 (Del. Super. Ct. Oct. 2, 2003); *Stevenson v. State*, 846 A.2d 239 (Table), 2004 WL 771657 (Del. Apr. 7, 2004).

On February 3, 2006, after conducting a new penalty hearing, the Superior Court sentenced Petitioner and Manley to death. *See Manely v. State*, 918 A.2d 321, 324 (Del. 2007). The Delaware Supreme Court affirmed each sentence in a consolidated appeal. *See id.* at 331. The United States Supreme Court denied Petitioner's petition for a writ of certiorari in May 2007. *See Stevenson v. Delaware*, 550 U.S. 971 (2007).

On November 28, 2007, while represented by new counsel, Petitioner filed in the Delaware Superior Court a second Rule 61 motion. (D.I. 34-2 at Entry No. 278.) On February 15, 2008, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 7 (original Petition).) The Court stayed the habeas proceeding at Petitioner's request, pending completion of his Rule 61 proceeding in the Delaware state courts. (D.I. 12.)

The Superior Court denied Petitioner's second Rule 61 motion in April 2014. *See State v. Stevenson*, 2014 WL 2538497 (Del. Super. Ct. Apr. 30, 2014). Petitioner appealed. In 2017, the Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's second Rule 61 motion. *See Stevenson v. State*, 174 A.3d 256 (Table), 2017 WL 6330741, at *1 (Del. Nov. 2, 2017). In addition, after concluding that it must follow its decision in *Rauf v. State*, 145 A.3d 430 (Del. 2016), the Delaware Supreme Court vacated Petitioner's death sentence and remanded the matter to the Superior Court so that Petitioner could be resentenced to life without parole. *See Stevenson*, 2017 WL 6330741, at *1. Before resentencing occurred, Petitioner filed a motion in the Superior Court on November 27, 2017, arguing that the provisions of the capital sentencing statute – 11 Del. C. § 4209 – that were struck down by *Rauf* were not severable, and that he must be sentenced pursuant to 11 Del. C. § 4205 to an indeterminate life sentence with a mandatory minimum of fifteen years. (D.I. 34-38.) The Superior Court denied Petitioner's motion in

February 2018. *See State v. Manley-Stevenson*, 2018 WL 1110420, at *1-2 (Del. Super. Ct. Feb. 28, 2018). Petitioner did not appeal that decision. Thus, on March 13, 2018, the Superior Court vacated Petitioner's sentence of death and resentenced him under § 4209(a) to life imprisonment without the benefit of probation or parole. (D.I. 34-2 at Entry Nos. 403, 404.) Petitioner did not appeal his re-sentencing.

On April 12, 2018, Petitioner notified the Court about the completion of his state court proceedings. (D.I. 14.) The Court lifted the stay on April 16, 2018. (D.I. 15.) On November 13, 2018, Petitioner filed an amended Petition for habeas relief, reasserting the same six claims presented in his original Petition (D.I. 25), and then filed an amendment to that filing (D.I. 28) (hereinafter referred to as "amended Petition"). The State filed an Answer on June 24, 2019, asserting that the amended Petition should be dismissed as time-barred or, alternatively, that Claims One through Five should be denied for failing to satisfy 28 U.S.C. § 2254(d)[2] and Claim Six should be denied as procedurally barred or meritless. (D.I. 36.) Petitioner filed a Reply on August 2, 2019. (D.I. 38.)

Thereafter, in response to Petitioner's notification of a recent Third Circuit decision relevant to the statute of limitations issue surrounding his amended Petition (*Romansky v. Sup't Greene SCI*, 933 F.3d 293 (3d Cir. 2019)), the Court ordered the State to file a supplemental memorandum regarding how, if at all, *Romansky* affected the State's argument that the amended

---

[2]In his Petition, Petitioner challenges the Delaware state courts' application of certain procedural bars during his second Rule 61 proceeding. (D.I. 28 at 30-42) Although the State addresses Petitioner's argument concerning the procedural bars in its Answer, it explicitly asserts that "all of [Petitioner's] claims were fully litigated in the state courts," and argues that "this Court cannot grant [Petitioner] relief because the Delaware Supreme Court's decision was neither contrary to nor an unreasonable application of clearly established Federal law." (D.I. 36 at 25.) In other words, the State argues that Claims One through Five do not warrant relief under § 2254(d).

3

Petition should be dismissed as time-barred. (D.I. 40.) The State filed its supplemental memorandum on April 1, 2020 (D.I. 41), and Petitioner filed a Reply on April 23, 2020 (D.I. 42).

On August 7, 2023, Petitioner filed the instant Motion for Leave to Amend Petition. (D.I. 44.) The State filed its Response on August 18, 2023. (D.I. 45.) The case was reassigned to me in January 2024.

## II.     LEGAL STANDARDS

Amendments to habeas petitions are governed by Federal Rule of Civil Procedure 15. *See United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). A court may deny leave to amend where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Middlebrook v. Carroll*, 470 F. Supp. 2d 411, 419 (D. Del. 2007), *aff'd*, 293 F. App'x 858 (3d Cir. 2008). An amendment is futile if the proposed pleading could not withstand a motion to dismiss. *See City of Cambridge Re. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 278 (3d Cir. 2018).

Examples of futility in the habeas context include procedurally barred amendments, amendments lacking arguable merit, and time-barred amendments that do not relate back to the original petition. *See Bernard v. United States*, 2019 WL 3719405, at *2 (D.N.J. Aug. 5, 2019) (noting that amending with time-barred claim that does not relate back would be futile); *Hall v. Phelps*, 641 F. Supp. 2d 334, 342 (D. Del. 2009). Since federal habeas corpus actions are subject to a one-year statute of limitations, a motion to amend a timely filed habeas petition "will be denied where it is filed after the [limitations] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Rule 15(c)]." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Rule 15(c) permits relation-back of a proposed amendment to a habeas petition when both the pleading and the proposed amendment arise out of the same

4

"conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, an amendment relates back to a habeas petition under Rule 15(c) "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim will not relate back, however, to the extent that it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. As explained by the Third Circuit:

> In searching for a common core of operative facts in the two pleadings, courts should remain aware that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. Thus, only where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed. For example, we have held that amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction, or occurrence in the preceding pleading fall within Rule 15(c) because the opposing party will have had sufficient notice of the circumstances surrounding the allegations contained in the amendment.

*United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019) (cleaned up and citations omitted).

### III. DISCUSSION

The timeliness of the pending amended Petition is an issue of dispute that the Court will address in greater detail upon its final review of the Petition. To briefly summarize the differing positions, the State contends that the original Petition (as amended) is time-barred because the limitations period for the claims in the original Petition started to run on November 2, 1998, and expired long before Petitioner filed the original Petition in February 2008. (D.I. 36 at 9-14.) In contrast, Petitioner contends that his original Petition, as amended in 2018, is timely filed, because

5

his resentencing in 2005 and 2018 "resulted in new judgments that triggered the one-year statute of limitations." (D.I. 38 at 4.)

In his Motion for Leave to Amend, Petitioner seeks to amend his Petition by adding a new claim that the Delaware state courts violated his constitutional rights in 2018 by re-sentencing him to life without parole under 11 Del. C. § 4209. (D.I. 44.) The State contends that the Court should deny Petitioner's Motion for Leave to Amend due to the futility of the proposed new claim challenging his 2018 re-sentencing because: (1) both the amended Petition and the new claim are time-barred; (2) even if the amended Petition is timely, the new claim is time-barred and does not relate back to the amended Petition; (3) even if the amended Petition is timely, the new claim does not assert an issue cognizable on federal habeas review; and (4) even if the amended Petition is timely, the new claim is procedurally barred and lacks arguable merit. (D.I. 45.)

For the purposes of deciding the instant Motion, the Court will assume, without deciding, that the amended Petition was timely filed. Since the additional claim that Petitioner seeks to add to the amended Petition—that his 2018 resentencing to life without parole violated his constitutional rights—was filed more than one year after any possible triggering dates for AEDPA's statute of limitations, the Court will only allow Petitioner's proposed amendment if it relates back to a claim already in the amended Petition. Petitioner contends that his request to amend should be granted because his new claim concerning his re-sentencing relates back

> to Petitioner's claims raised in his original timely habeas petition. Petitioner's original habeas petition alleged two significant violations of both his Sixth Amendment rights and Due Process rights under the Fourteenth Amendment. First, Petitioner alleged that the "court's instruction on reasonable doubt fell far below the constitutional standard of proof required in a criminal case." *See* D.I. 28 at 99. Second, Petitioner alleged that the Judge's instructions regarding accomplice liability were erroneous in allowing the jury

6

> "to find accomplice liability without finding all elements of the offense beyond a reasonable doubt." *Id.* at 102.
>
> These original claims share the same "common core of operative facts" as Petitioner's amended pleading: namely that the court failed to live up to the Constitutional standards set by the Sixth and Fourteenth Amendments regarding the role of judge and jury throughout all parts of his trial and sentencing. Furthermore, because the original pleading outlined specific Sixth and Fourteenth Amendment violations, and these violations are expanded on and further developed in the amended pleading, the original pleading provided "fair notice of the general . . . legal theory upon which the amending party proceeds."

(D.I. 44 at 4-5.)

Petitioner's argument is unavailing. Petitioner's new claim does not share the same common core of operative facts as his amended Petition. Claim Five of the amended Petition alleges that the trial court provided erroneous reasonable doubt and accomplice liability jury instructions during his 1996 trial. (D.I. 7 at 11-15; D.I. 28 at 98-103.) The operative facts underlying Claim Five are: (1) the trial court's final instruction to the jury regarding reasonable doubt undermined the State's requirement to prove its case beyond a reasonable doubt, because "the instruction did not define what quantum of proof is necessary, and never actually defined the standard for beyond a reasonable doubt." (D.I. 7 at 14-15; D.I. 28 at 24, 98, 101); and (2) the trial court's final instruction to the jury regarding accomplice liability lessened the State's burden of proof by "instructing the jury that they could find Petitioner guilty as an accomplice if they found he intended to aid another in committing some or all of the acts necessary for the commission of the offense, and in erroneously instructing the jurors that they did not need to decide unanimously which co-defendant was the actual shooter." (D.I. 28 at 98; *see also* D.I. 7 at 14-15.) Petitioner's proposed new claim alleges that his March 13, 2018 re-sentencing to life imprisonment without

7

parole under 11 Del. C. § 4209 violated his Sixth and Fourteenth Amendment rights. (D.I. 44 at 1.) The operative facts underlying Petitioner's proposed re-sentencing claim are: (1) the Delaware courts in his case erred in their statutory construction of § 4209; (2) the Delaware courts in his case also improperly interpreted and applied the holdings of two recent Delaware Supreme Court decisions – *Rauf* and *Powell v. State*, 153 A.3d 69 (Del. 2016); and (3) as a result, the Delaware courts in his case impermissibly preserved the non-capital portion of § 4209 and re-sentenced him under this invalid provision. (D.I. 44-3 at 111-20.)

Although these claims arise from the "same conviction," they are distinct enough to conclude that the proposed new claim does not relate back. *See, e.g., Mayle*, 545 U.S. at 650. Accordingly, the Court will deny Petitioner's Motion for Leave to Amend.[3]

## IV.  CONCLUSION

For the reasons discussed, the Court will deny Petitioner's Motion for Leave to Amend. An appropriate Order will be entered.

---

[3] Having determined that the instant Motion is time-barred and futile, the Court will not address the State's additional arguments in support of denying the Motion.

8